**UNPUBLISHED ORDER**

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2005[*]
Decided June 27, 2005

**Before**

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 04-3214

| | |
|---|---|
| BERNARD JONES, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 03 C 1814 |
| JO ANNE B. BARNHART, *Defendant-Appellee.* | George M. Marovich, *Judge.* |

**O R D E R**

Bernard Jones applied for and was granted Supplemental Security Income benefits following a leg injury. His benefits were suspended during a brief period of incarceration, and he alleges that upon his release his benefits went unpaid for more than a year. When the accrued sum was eventually paid, according to Jones, the Social Security Administration underpaid him by several thousand dollars. Jones' payments then resumed at a reduced rate, apparently in response to an earlier overpayment, but were later terminated. Jones related in his complaint that the termination was without notice, and that "after approximately five years of applications, letters, complaints and visits to [the SSA]," he was able to successfully reapply for his benefits. He petitioned the district court for a writ of mandamus to

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

direct the SSA to hold an administrative hearing to determine the amount of these back payments.

The district court dismissed the petition without prejudice for lack of subject matter jurisdiction. The court found that while Jones had filed papers with the SSA in pursuit of his claim, the SSA had no record of his correspondence, and in any event it was "clear" that Jones did not follow the proper procedures to exhaust his administrative remedies. The court acknowledged that 28 U.S.C. § 1361 confers district courts with original jurisdiction in mandamus matters, but added that 42 U.S.C. § 405(g) precludes judicial review of the SSA's denial of benefits where the plaintiff has not obtained a final decision of the Commissioner. Because a final decision could not be made until Jones followed the proper procedures––namely filing the necessary petition or request with the SSA––the court concluded that Jones had failed to exhaust his available administrative remedies and that it therefore lacked jurisdiction to issue mandamus relief.

On appeal, Jones does not make any argument regarding exhaustion, and instead merely raises accusations about his attorney's performance, the district judge's impartiality, and the state's burden of responding to his allegations regarding factual issues not on the record. Nothing in the record suggests that Jones has exhausted his administrative remedies, and there is no final decision from the Social Security Commissioner for the court to review. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984) (concluding that § 405(g) precludes mandamus jurisdiction where administrative remedies are still available). The district court lacked subject matter jurisdiction, and its judgment dismissing the petition is AFFIRMED.